Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50037 | **DATE** | 4/13/2011 |
| **CASE TITLE** | GuideOne Mutual Insurance Co. v. Berghaus Organ Co., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions in limine [102] are granted in part and denied in part. Defendants' motions in limine [99] are denied.

■ [ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Currently before the court are several motions in limine filed by the parties. In its motions, plaintiff seeks to bar: (1) argument or evidence that arson was a causative factor in the fire of February 8, 2004; (2) argument or evidence that unknown actors may have altered the blower motor assembly; (3) argument or evidence that plaintiff spoliated or failed to preserve relevant evidence related to the fire; and (4) cumulative or repetitive testimony from defendants' experts.

Defendants have filed a joint motion in limine seeking to bar opinion testimony of the two public fire investigators involved in this case, Kevin Mikkelson and John Gamboa, pursuant to Federal Rule of Evidence 702 and the standards announced in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Defendant Berghaus Organ Company has also filed a motion in limine seeking to exclude evidence that one of its expert witnesses, Frederick Haas, was previously employed by Berghaus' general liability insurance provider, General Casualty Insurance Company. Finally, defendant G&G Electric, Inc. has filed a motion in limine seeking to bar the opinions and reports of plaintiff's experts, Crispin Hales, Ph.D., and Kim Mniszewski, P.E., pursuant to Rule 702 and Daubert.

After careful consideration, and for the reasons discussed below, plaintiff's motions are granted in part and denied in part, and defendants' motions are denied.

## I. LEGAL STANDARDS

A district court has the authority to rule on a motion in limine before trial as part of its inherent authority to manage its trials. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); see also Fed. R. Evid. 103. "A motion in limine should only be granted where the evidence is clearly inadmissible for any purpose." Thomas v. Sheahan, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007). If the evidence does not meet this high standard, then the requested evidentiary rulings are deferred until trial so that they may be resolved in the proper context. Hawthorne Partners v. A T & T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). In this regard, it is important to note that the evidentiary rulings contained herein are subject to change as the trial unfolds, and "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to

# STATEMENT

alter a previous in limine ruling." Luce, 469 U.S. at 41-42.

Challenges to the anticipated testimony of expert witnesses are governed by Federal Rule of Evidence 702 and the standards announced in Daubert and its progeny. In determining the admissibility of expert testimony, the court employs a three-step analysis and considers whether (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education; (2) the expert's reasoning or methodology underlying the testimony is scientifically reliable; and (3) the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. See Ervin v. Johnson & Johnson, Inc., 492 F.3d 901, 904 (7th Cir. 2007) (citing Fed. R. Evid. 702 and Daubert, 509 U.S. at 592-93); see also Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000) (stating that the district court's role as a "gatekeeper" is to "determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching his conclusions"). The court's role in determining the admissibility of expert opinion is not to decide whether the opinion is correct, see Chapman v. Maytag Corp., 297 F.3d 682, 687 (7th Cir. 2002), but rather it is to assure that experts employ the same "intellectual rigor" in their courtroom testimony as would be employed by an expert in the relevant field, Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). The proponent of the expert witness' testimony bears the burden of establishing the admissibility of that testimony. See Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 706 (7th Cir. 2009).

## II. PLAINTIFF'S MOTIONS IN LIMINE

### A. Evidence of Arson

In plaintiff's first motion in limine, it seeks to exclude any argument or evidence that arson was the cause of the fire on February 8, 2004. Plaintiff argues that there is no evidence of arson, and that allowing this type of evidence to be introduced would be misleading. Both defendants appear to agree that there is no evidence of arson or an incendiary cause to the fire. As such, defendants shall not be allowed to argue that the fire was caused by arson. Accordingly, to that extent, the motion is granted.

Both defendants, however, point out that their respective fire investigation experts have concluded that, in their opinion, the cause of the fire should be classified as undetermined. These conclusions were based in part on the experts' inability to independently rule out an incendiary cause for the fire. The court agrees with defendants that their experts should not be prevented from explaining the process by which they derived their ultimate conclusion of "undetermined." Thus, defendants can elicit testimony from their experts as to why they could not rule out an incendiary cause, and they will be allowed to argue the same to the jury. As the court noted above, however, this does not give defendants license to argue that the cause of the fire *was* arson. Compare Soltys v. Costello, 520 F.3d 737, 745 (7th Cir. 2008) (noting that "[a]ttorneys have . . . leeway in closing arguments to suggest inferences based on the evidence, highlight weaknesses in the opponent's case, and emphasize strengths in their own case"). In any event, the court does not believe that the jury would be misled by this distinction, especially in light of the anticipated testimony of ATF investigator Gamboa, who officially concluded that the fire was not the result of arson. Accordingly, the motion in limine is denied to the extent it seeks to preclude a full explanation of the defense experts' opinions that the cause of the fire is undetermined.

### B. Evidence of Unknown Actors

In its second motion in limine, plaintiff seeks to exclude any evidence or argument that some unknown person may have altered or tampered with the blower motor assembly between the time of defendants' service calls and the start of the first fire. This argument is similar to plaintiff's argument regarding lack of evidence of arson, and the court once again agrees that it would be improper to argue to the jury that an unknown person was the cause of the fire when defendants have no evidence that it was. Nevertheless, defendants will be allowed to elicit testimony from their experts for the limited purpose of explaining their conclusion that the cause of the fire was undetermined. Furthermore, the court agrees with the response filed by G&G Electric, and, to the extent it is otherwise relevant, nothing in this order shall preclude Mark Gardner from testifying that the key and set screw

| STATEMENT |
|---|

appeared to have been removed and placed on the floor at the time of his service call.

### C. Spoliation

Plaintiff next contends that defendants should not be allowed to argue that plaintiff intentionally spoliated evidence or otherwise failed to produce or maintain evidence within its possession. The court agrees that there has been nothing in the record thus far to suggest that plaintiff was responsible for any spoliation of evidence, and therefore the defendants will not be allowed to argue that it was. However, this ruling will not preclude defendants from having their experts explain why they concluded the cause of the fire should be classified as undetermined, including any testimony about what items or artifacts were missing from the scene when they attempted to perform an investigation. Because all of the parties acknowledge that any removal and/or destruction of potential evidence in this case was the result of the public investigators, the court expects there to be no further issues regarding spoliation at trial.

### D. Cumulative Expert Testimony

In plaintiff's fourth motion, it argues that defendants should not be allowed to present cumulative expert testimony on the issues of fire cause and origin, mechanical engineering, and electrical engineering. Plaintiff argues that cumulative evidence should be excluded pursuant to Federal Rule of Evidence 403 as duplicative and potentially confusing and prejudicial. The court disagrees. Although there is a general prohibition against a single party from introducing more than one expert on a given topic, see Local Rule 16.1, Final Pretrial Order Form, n.7 ("Only one expert witness on each subject for each party will be permitted to testify absent good cause shown."), this case involves two defendants. There is no indication that either defendant will offer cumulative expert testimony within each defendant's respective case. Rather, plaintiff complains only that the defendants have each retained similar experts to give opinions on fire cause and origin and mechanical engineering.[1] The court fails to see any problem with this, and finds that it would be highly prejudicial to require one of these defendants to proceed to trial without the benefit of the expert of their choice, especially given the potential conflict of interest at trial between the two defendants. Moreover, the possibility of cumulative testimony in this case is the result of plaintiff's decision to proceed against two separate defendants rather than as a tactic by defendants to gain an advantage at trial. For all these reasons, plaintiff's fourth motion in limine is denied.

## III. DEFENDANTS' MOTIONS IN LIMINE

### A. Opinions of Mikkelson and Gamboa

Defendants have filed a joint motion in limine pursuant to Rule 702 and Daubert seeking to exclude the opinions of Mikkelson and Gamboa regarding the cause of the fires on February 8, 2004, and February 9, 2004, respectively. However, despite its response to the current motion in limine, it appears to the court that plaintiff does not intend to introduce any expert testimony through these witnesses. Neither witness was included in plaintiff's Federal Rule of Civil Procedure 26(a)(2) expert disclosure, see Doc. 56, or in plaintiff's Schedule E in the final pretrial order listing expert witness qualifications. Moreover, any expert opinion regarding cause and origin of the fires from Mikkelson and Gamboa would appear to be improperly cumulative of the disclosed expert opinions of Hales and Mniszewski, who are going to opine on the same subject matter. Thus, pursuant to Federal Rule of Civil Procedure 37(c)(1) and Local Rule 16.1, plaintiff will not be allowed to use either Mikkelson or Gamboa at trial to present expert testimony, and defendants' joint motion in limine is denied as moot. The court notes, however, that this order shall not preclude these witnesses from testifying at trial as fact witnesses regarding their role in the investigation of the fires, up to and including their official determinations regarding the cause and origin of the fire.

### B. Employment of Haas

In the next motion in limine, defendant Berghaus seeks to exclude, pursuant to Federal Rule of Evidence 411, any evidence that its expert witness, Frederick Haas, was previously employed by General Casualty

Insurance Company ("GC"), the company providing liability coverage for Berghaus in this case. In response, plaintiff argues that it should be allowed to explore any potential bias that Haas might have based on this employment relationship. The court agrees with plaintiff and denies the motion.

Rule 411 provides:

Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

Fed. R. Evid. 411. At the time of the fire in this case, Haas was employed by GC as a special investigator and conducted the bulk of the investigation of this fire for GC. After his employment with GC ended, Haas formed Haas Consulting, and it was in that capacity that he wrote his expert report, dated May 18, 2008, and provided his opinions in this matter. However, his opinions appear to be based entirely on the observations and conclusions he made during his investigation for GC. Given the timing of Haas's employment with GC, coupled with plaintiff's response indicating that it does not intend to introduce evidence of liability insurance in its case in chief, but only as a possible ground for impeachment of Haas on cross-examination, the court finds that this evidence should not be excluded pursuant to Rule 411. It is quite possible for the jury to conclude that Haas may have been biased in favor of his employer at the time he derived his opinion, or that Haas may continue to be biased in favor of his former employer and protecting his own work product. If defendant had wanted to avoid any evidence regarding its liability coverage, it could have chosen an expert with no relation to its insurance company, but instead it has chosen to hire Haas. Because exploration of bias is a permissible basis for allowing evidence of insurance against liability under Rule 411, and because the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, defendant's motion in limine is denied.

As an additional note, the court noticed that plaintiff included in its response to the motion in limine the fact that GC has exposure of $1,000,000 under the liability policy covering Berghaus. While it is permissible to explore Haas' potential bias, the court finds that it would be unnecessary and unduly prejudicial to allow evidence regarding the amount of coverage. Accordingly, no evidence regarding the amount of liability coverage will be allowed.

### C. Opinions and Reports of Hales and Mniszewski

In its motion in limine, defendant G&G Electric seeks to bar the expert reports and opinion testimony of plaintiff's experts, Hales and Mniszewski, pursuant to Rule 702 and <u>Daubert</u>. Defendant argues that these experts' opinions are speculative, unreliable, and lack scientific methodology or certainty. Specifically, defendant attacks the opinions by claiming, among other things, that plaintiff's experts did not perform any scientific testing to validate their opinions, that these experts could only identify possible candidates for the ignition without determining to any degree of certainty which candidate was the source of ignition, and that their opinions lack an evidentiary foundation.

As for Hales, the court has already extensively considered a <u>Daubert</u> challenge to the admissibility of his opinions at the summary judgment stage and concluded that his report and opinions should not be excluded. Although G&G Electric's current motion in limine was not considered as part of the court's summary judgment decision, the court has now reviewed the motion and finds that the arguments contained therein are substantially similar to the arguments raised by Berghaus in its motion for summary judgment. Thus, the court finds no basis to alter its decision regarding the admissibility of Hales' opinions and denies G&G Electric's current motion in limine with respect to Hales.

Berghaus also briefly challenged the admissibility of Mniszewski's opinion in its summary judgment motion, but its argument was premised on the fact that Mniszewski relied on Hales' opinion in formulating his

| STATEMENT |
|---|

opinion regarding the cause of the February 8, 2004 fire. The court noted this "derivative" challenge in its summary judgment order and denied Berghaus' challenge to Mniszewski for the same reasons it had rejected the arguments against Hales. Thus, the court did not have an opportunity to separately consider Mniszewski's opinions that the February 9, 2004 fire originated in the east side of the basement area, near the organ blower, and that this second fire was a rekindle of the first fire.

Here, there is no argument from defendant regarding the first and third steps of the court's three-step Daubert analysis, and the court has no reason to doubt that Mniszewski is qualified as an expert by his knowledge, education and experience in fire investigation, or that his testimony will assist the jury. See Ervin v. Johnson & Johnson, Inc., 492 F.3d 901, 904 (7th Cir. 2007). Thus, the only question is whether the reasoning or methodology underlying Mniszewski's testimony is scientifically reliable. Id. Defendant attempts to discredit Mniszewski's opinions by pointing out alleged inconsistencies with his deposition testimony on various matters, such as whether the second fire occurred within a 25-foot radius of the blower assembly, the location of the fiberboard material that Mniszewski believes is one possible source of the rekindle and whether this fiberboard was wet, and the inability to describe precisely how a hot ember might have gotten into the blower's air duct system. These types of challenges, however, go to the validity of Mniszewski's conclusions, and not the methodology he employed. As such, the court finds that these arguments go more to the weight to be given the opinion, rather than its admissibility. And although some of these challenges might prove to be fertile grounds for a cross-examination, they are not sufficient for the court to bar the expert from testifying.

Defendant also argues that Mniszewski did not perform any scientific testing or calculations regarding the transfer of heat energy from a hot ember to either the fiberboard material or the dust and lint material in the duct work. This deficiency is a bit more troubling to the court and is an issue that will certainly be raised by defendant at trial and that could greatly impact the weight the jury gives to Mniszewski's opinions. However, the court is not convinced in a case like this one where most of the evidence was destroyed by the fire that the lack of precise scientific testing automatically demonstrates the unreliability of the expert's opinion. See Cummins v. Lyle Indus., 93 F.3d 362, 369 (7th Cir. 1996) (stating that "hands-on testing is [not] an absolute prerequisite to the admission of expert testimony"); see also Winters v. Fru-Con Inc., 498 F.3d 734, 742 (7th Cir. 2007) ("There could be situations where the district court determines the proposed expert's testimony . . . is reliable despite a lack of testing . . . because the expert has adhered to the standards of intellectual rigor that are demanded in his or her professional work, such as relying on the data generated by other researchers, making proper personal observations or taking other appropriate actions." (alteration and quotation marks omitted)).

Here, Mniszewski derived his opinions from personal observation of the fire damage, a review of witness statements concerning the first fire and the general properties of the building, a review of the reports and conclusions prepared by other experts on the scene, and the methodical elimination of other possible sources of the second fire, including electrical and natural gas causes. This methodology led Mniszewski to confirm the validity of his initial hypothesis that the second fire was a rekindle of the smaller fire from the day before. Although Mniszewski's opinion could have been stronger had he supplemented his conclusions with some heat transfer calculations, given the circumstances of the fire, the court cannot say that the methodology he chose was unreliable to the point where his opinions should be excluded from evidence.

Finally, defendant challenges the reliability of Mniszewski's opinion by arguing that he cannot say which of two hypotheses – a rekindle of the fiberboard or a rekindle of dust and lint in the duct work – was more likely to have occurred. A similar argument regarding Hales' identification of three possible candidates for the ignition of the first fire has already been rejected by the court. Likewise, the court rejects the current attempt by G&G Electric to cast doubt on Mniszewski's singular opinion that the second fire was a rekindle simply because he has identified two possible materials that were the first to ignite. Defendant will be free to explore this uncertainty on cross-examination, but this argument is an insufficient basis for the court to exclude the opinion pursuant to Rule 702 and Daubert.

| STATEMENT |
|---|
| For all these reasons, G&G Electric's motion in limine is denied. |

1. Although plaintiff complains about the possibility of cumulative testimony regarding electrical engineering, Berghaus has stated in its response that it does not even have an electrical engineering expert. Therefore, there is no concern about cumulative testimony with respect to electrical engineering.